Matter of Sutton (2024 NY Slip Op 05531)

Matter of Sutton

2024 NY Slip Op 05531

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

PM-219-24
[*1]In the Matter of Alice Renee Sutton, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Alice Renee Sutton, Respondent. (Attorney Registration No. 4476396.)

Calendar Date:September 3, 2024

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau and Robert M. Beyer of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Alice Renee Sutton, Elmira, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2007 and currently practices as an Assistant Public Defender for Steuben County. Respondent has been the subject of multiple client complaints since late 2019, leading to two separate motions by petitioner seeking her interim suspension by this Court due to her lack of cooperation with petitioner's investigations. Although each of those motions was ultimately withdrawn by petitioner upon respondent's belated compliance with petitioner's requests for information, two of the aforementioned client complaints eventually led to the commencement of this proceeding by petitioner wherein it is alleged that she has engaged in 13 rule violations. The parties now move to resolve this proceeding by joint motion for the imposition of discipline by consent.
The parties' joint motion includes a stipulation of facts, aggravating and mitigating factors and an agreement as to the ultimate sanction (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [i] [a], [c], [d]). Moreover, respondent has stipulated to all 13 rule violations as raised in the petition, which include (1) intentionally failing to seek the objectives of the client through reasonable means in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.1 (c) (1); (2) failing to avoid prejudicing the client during the course of representation in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.1 (c) (2); (3) failing to act with reasonable diligence and promptness in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (a); (4) neglecting a legal matter in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b); (5) failing to keep a client reasonably informed in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.4 (a) (3); (6) failing to promptly comply with a client's reasonable request for information in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.4 (a) (4); (7) failing to have a signed written retainer agreement in a domestic relations matter in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.5 (d) (5) (ii); (8) failing to withdraw from representation when a physical or mental condition materially impairs a lawyer's ability to represent a client in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.16 (b) (2); (9) failing to promptly return a client's property and unearned fee in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.16 (e); (10) engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c); (11) engaging in conduct prejudicial to the administration of justice for failure to cooperate with petitioner in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d); (12) engaging in conduct prejudicial to the administration of justice for failure to respond to [*2]and follow the directives of the court in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) and; (13) failing to bill the client at least every 60 days in a domestic relations matter as described in Rules of the Appellate Division, All Departments (22 NYCRR) § 1400.3. Additionally, respondent affirms that she consents to the joint motion "freely and voluntarily, and without being subjected to any coercion or duress" and is fully aware of the consequences of consenting to the agreed-upon sanction. Accordingly, we find that the parties have satisfied the procedural requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) and turn next to the consideration of the sanction to be imposed for the underlying misconduct (see Matter of Orseck, 227 AD3d 1222, 1224 [3d Dept 2024]; Matter of Casertino, 227 AD3d 1266, 1267 [3d Dept 2024]).
In aggravation of respondent's admitted misconduct, the parties submit several factors for this Court's consideration including the fact that the injuries to both of the underlying complainants are "clear" (see ABA Standards for Imposing Lawyer Sanctions standard 3.0 [c]). The parties also point to the vulnerability of both clients at issue as well as respondent's prior disciplinary history of an admonition for similar misconduct (see ABA Standards for Lawyer Sanctions standard 9.22 [a], [h]). As final aggravating factors, the parties cite to respondent's pattern of misconduct and multiple offenses (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c]-[d]).
In mitigation, the parties submit that respondent acted in the absence of a selfish motive, that respondent's misconduct occurred at a time when respondent had personal or emotional problems and point to respondent's good character and reputation in her local community (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]-[b], [g]). The parties express that respondent's misconduct in both underlying matters was "due largely to pressure caused by [respondent's] large caseload and attendant stress." Specifically, the parties cite to respondent's answer to the petition, wherein she expresses the stress she experienced in private practice and "managing everything alone." The affirmation notes that respondent is now employed with the Steuben County Public Defender's office with the "necessary support she needs in her practice of law to avoid the issues that she faced while representing [the complainants]." Based upon respondent's misconduct, and in consideration of the aggravating and mitigating factors, the parties request the imposition of a censure in full resolution of this proceeding. In consideration of the totality of the circumstances, and "in order to protect the public, maintain the honor and integrity of the profession, and to deter others from committing similar misconduct," we grant the parties' joint motion and censure respondent (Matter of Orseck, 227 AD3d at 1225; see Rules for Atty [*3]Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is censured.